## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JAMES B. CROSBY,

       Plaintiff,

                                Case No. 3:22-cv-67-MMH-LLL

vs.

STATE OF FLORIDA, et al.,

       Defendants.

_____/

### O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Emergency Motion Requesting a Temporary Restraining Order (Doc. 2; Motion), filed on January 19, 2022. Simultaneously with the Motion, Plaintiff filed a Certified Complaint (Doc. 1; Complaint). In the Complaint, Plaintiff, who is proceeding pro se, appears to assert a variety of statutory and constitutional claims arising out of his conviction of a sex offense and status as a sex offender in the State of Florida. In the Motion, Plaintiff requests the issuance of "a temporary restraining order against Defendants without notice preventing them from performing any sort of surveillance of him, being within a hundred feet of him, his house or his property, and any other restrictions necessary to prevent his unconstitutional arrest." See Motion at 2. Upon review, the Court finds that the Complaint is due to be stricken as it does not comply with Rules 8 and 10 of the Federal Rules

of Civil Procedure (Rule(s)) and constitutes a shotgun pleading.  Moreover, to the extent Plaintiff seeks a temporary restraining order, such request is due to be denied without prejudice to the filing of an appropriate motion for preliminary injunction.

While <u>pro se</u> complaints are held to a less stringent standard than those drafted by an attorney, <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), the <u>pro se</u> litigant is still required to "'conform to procedural rules.'" <u>Riley v. Fairbanks Capital Corp.</u>, 222 F. App'x 897, 898 (11th Cir. 2007) (quoting <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1]  The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2).  "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" <u>Evans v. McClain of Ga., Inc.</u>, 131 F.3d 957, 964 n.2

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

In citing to <u>Riley</u>, the Court notes that "[a]lthough an unpublished opinion is not binding . . . it is persuasive authority." <u>United States v. Futrell</u>, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

(11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." <u>Holbrook v. Castle Key Ins. Co.</u>, 405 F. App'x 459, 460 (11th Cir. 2010) (quoting <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. <u>See</u> <u>generally</u> <u>Weiland v. Palm Beach County Sheriff's Office</u>, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable."

Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Here, Plaintiff's Complaint falls into at least two of the four categories of shotgun pleadings prohibited in the Eleventh Circuit. First, the most common

type of shotgun pleading involves a complaint containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321 & n.11 (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Plaintiff commits this exact error in that each subsequent count of the fourteen-count Complaint includes an allegation that "Plaintiff repeats, reiterates, and realleges each and every allegation/fact contained in this complaint as if fully set forth herein." See, e.g., Complaint ¶¶ 87, 108, 110, 123.[2]

In addition, the Complaint embodies the second most-common form of shotgun pleading in that it is "replete with conclusory, vague, and immaterial

---

[2] The Court also notes that there are errors in the paragraph numbering—some numbers are skipped, others repeated. In his amended complaint, Plaintiff should take care to number his paragraphs in the correct sequential order. In addition, while Plaintiff is correct to identify the subject Defendant in the title of each count, he should number the counts one to fourteen rather than starting over at one with each new Defendant.

facts not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322.  Indeed, the Complaint is thirty-nine pages long with close to 200 paragraphs.  While long on allegations of conspiracy and wrongdoing, the Complaint is short on substance such that the Court is left to wade through pages of conclusory accusations in search of a coherent set of facts.  Plaintiff's allegations also lack dates, timeframes, or any discernible chronology, making it impossible to follow the series of events that led to this lawsuit.  Moreover, given the shotgun reincorporation of all allegations, the Court cannot determine which facts make up which causes of action much less what Plaintiff's specific claims are as to each Defendant.

Ultimately, as with all types of shotgun pleadings, the Complaint fails "'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020) (quoting Weiland, 792 F.3d at 1320).  In light of the foregoing, the Court will strike the Complaint as an impermissible shotgun pleading and direct Plaintiff to file an amended complaint. See Holbrook, 405 Fed. Appx at 460-61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement.").  Pursuant to Rules 8(a)(2) and 10(b), the amended complaint shall set forth "a short and plain statement" of Plaintiff's claims demonstrating that he is entitled to relief.  See

6

Rules 8(a)(2), 10(b).  Plaintiff must avoid the shotgun pleading deficiencies set forth above and describe in sufficient detail the factual basis for each of his claims and how each Defendant is responsible.[3]

With respect to the Motion, Rule 65 and Local Rules 6.01 and 6.02, United States District Court, Middle District of Florida (Local Rule(s)), govern the entry of a temporary restraining order or preliminary injunction.  Specifically, Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 6.01(a) requires that the motion include, among other things: "a precise and verified description of the conduct and the persons subject

---

[3] In preparing the amended complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

to restraint," "a precise and verified explanation of the amount and form of the required security," a "proposed order," and "a supporting legal memorandum . . . ." Local Rule 6.01(b) sets out the requirements for the legal memorandum which must establish:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
> (3) the harm that might result absent a restraining order, and
> (4) the nature and extent of any public interest affected.

Pursuant to Local Rule 6.02, a request for preliminary injunction must satisfy these same requirements and the movant "must notify each affected party as soon as practical unless the movant establishes by clear and convincing evidence an extraordinary circumstance not requiring notice." See Local Rule 6.02(a)-(b).

Upon review, the Court finds that the Motion fails for several reasons. Significantly, neither the Motion nor the Complaint is verified. Plaintiff also fails to address the bond requirement or submit a proposed order as required by Local Rule 6.01(a). Most critically, Plaintiff fails to provide a memorandum of law establishing that he is substantially likely to succeed on the merits of his claims or citing any legal authority in support of his request. See Local Rule 6.01(b)(1); see also Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26

8

(11th Cir. 2005) ("Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion.").   Plainly, Plaintiff cannot establish a substantial likelihood of success on the current record given the Court's determination above that the Complaint is incomprehensible and due to be stricken.  However, even to the extent the Court can decipher Plaintiff's claims, he is unlikely to succeed insofar as at least some of the relief he seeks appears to be barred by the <u>Rooker-Feldman</u>[4] doctrine.  "The <u>Rooker-Feldman</u> doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." <u>Casale v. Tillman</u>, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing <u>Feldman</u>, 460 U.S. at 482).  Indeed, under the <u>Rooker-Feldman</u> doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." <u>Dale v. Moore</u>, 121 F.3d 624, 626 (11th Cir. 1997).  Thus, to the extent Plaintiff seeks to have this Court declare that his conviction in state court was illegal and "remove those illegal convictions

---

[4] <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

from his record . . ." <u>see</u> Complaint at 38-39, the Court lacks jurisdiction to do so.

In light of these deficiencies, the Court finds that the Motion is due to be denied.[5]   To the extent Plaintiff requests emergency relief without providing Defendants notice or an opportunity to be heard, this request will be denied with prejudice.   Based on the allegations of the Complaint, Plaintiff cannot in good faith show that the alleged harm is so immediate and irreparable that notice to the other side is impracticable or impossible.   Nor does this case present the type of extraordinary circumstance that would warrant the issuance of a preliminary injunction without notice to Defendants.   See Local Rule 6.02(b). Plaintiff may re-file a motion for preliminary injunction—brought in compliance with all applicable rules—after Plaintiff has filed an amended complaint. Upon filing the amended complaint and any amended motion for injunctive relief, Plaintiff will be required to effect service of process on Defendants in accordance with Rule 4.   Accordingly, it is

**ORDERED**:

1. The Certified Complaint (Doc. 1) is **STRICKEN**.

---

[5] The Court's identification of certain deficiencies in the instant Motion is intended to cite only examples and should not be interpreted as determining whether all other requirements have been satisfied. Instead, Plaintiff is instructed to review Rule 65 and the Local Rules and assure that any amended filing is in full compliance.

2. Plaintiff shall have up to and including **February 18, 2022**, to file an amended complaint which complies with the requirements of this Order. Failure to do so may result in the dismissal of this action without further notice.

3. Plaintiffs' Emergency Motion Requesting a Temporary Restraining Order (Doc. 2) is **DENIED, in part, and DENIED without prejudice, in part.**

   A. To the extent Plaintiff requests entry of a temporary restraining order without notice to Defendants, this request is **DENIED**.

   B. Otherwise, the Motion is **DENIED without prejudice** to the filing of an appropriate motion for preliminary injunction.

**DONE AND ORDERED** in Jacksonville, Florida, this 21st day of January, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

11