# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JAMES B. CROSBY,

    Plaintiff,

vs.                              Case No. 3:22-cv-67-MMH-LLL

STATE OF FLORIDA, et al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Reconsider Temporary Restraining Order Without Notice (Doc. 14; Motion to Reconsider) and Motion for Temporary Restraining Order (Doc. 11; Motion for TRO), both filed on February 4, 2022. Simultaneously with the Motions, Plaintiff filed an amended complaint. See Verified Complaint and Demand for Jury Trial (Doc. 12; Amended Complaint). In the Motion for TRO, Plaintiff seeks the entry of a temporary restraining order enjoining Defendants from surveilling him "in any way," including "pointing cameras at his dwelling or at him, following him, waiting for him, looking at him for any extended period of time, using communication equipment of any kind to track his location, and tracing any phone calls that he could make." See Motion for TRO, Ex. 3 (Proposed Order). In addition, Plaintiff asks the Court to enjoin the State of Florida and City of

Jacksonville from arresting him, looking for him, gathering evidence against him, or "enforcing his sex offender registration requirement and the restrictions of that requirement." Id.  Plaintiff requests issuance of this temporary restraining order without notice to Defendants because, according to Plaintiff, notice will lead to his arrest. See id. at 1-2. Plaintiff asserts that he "is clearly under attack and is only free because he knows what's going on and takes appropriate counter measures." See id. at 1. He also maintains that notice is impracticable or impossible because he has no money by which to accomplish it. Id. at 1-2.

Plaintiff initiated this action on January 19, 2022. See Certified Complaint (Doc. 1; Complaint).  Simultaneously with the Complaint, Plaintiff filed an Emergency Motion Requesting a Temporary Restraining Order (Doc. 2; First Motion).  The Court denied the First Motion on January 21, 2022.  See Order (Doc. 6).  In the Order, the Court held that to the extent Plaintiff sought emergency relief without providing Defendants notice or an opportunity to be heard, this request was denied with prejudice. Id. at 10-11.  The Court explained that, under the facts of this case, "Plaintiff cannot in good faith show that the alleged harm is so immediate and irreparable that notice to the other side is impracticable or impossible." Id. at 10.  In the Motion to Reconsider, Plaintiff asks the Court to reconsider that determination and asserts that the

2

facts alleged in the Amended Complaint "clearly demonstrate" the need for a temporary restraining order without notice to Defendants. See Motion to Reconsider.

Upon review of the Motion to Reconsider, Motion for TRO, and Amended Complaint, the Court finds that Plaintiff's request for the issuance of a temporary restraining order without notice to Defendants is once again due to be denied. Pursuant to Rule 65, to obtain a temporary restraining order, Plaintiff must present "specific facts <u>in an affidavit or a verified complaint</u>" which "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." See Rule 65(b)(1), Federal Rules of Civil Procedure (Rule(s)) (emphasis added); see also Local Rule 6.01(a)(2), United States District Court, Middle District of Florida (Local Rule(s)) (requiring "a precise and verified description of the conduct and the persons subject to restraint"). Despite the Court's prior Order citing these Rules, see Order at 7-8, Plaintiff fails to support his request for relief with any affidavits or a verified pleading.[1] Indeed, Plaintiff provides no

---

[1] Although titled "Verified Complaint," the Court notes that the Amended Complaint is not signed under penalty of perjury as necessary to constitute a verified pleading. See 28 U.S.C. § 1746.

3

evidence to support his claims. Absent a verified complaint or any supporting evidence, Plaintiff's Motion for TRO is due to be denied.

Regardless, the allegations in the Amended Complaint do not demonstrate that irreparable harm is so imminent as to warrant the issuance of a temporary restraining order without providing Defendants notice or an opportunity to be heard. Plaintiff alleges that Defendants have been illegally surveilling his phone calls, infiltrating his places of employment, and colluding with his friends since at least November of 2018. See Amended Complaint at 13-17. As such, there is no basis to conclude that Plaintiff's arrest is imminent. Plaintiff's contention that he is subject to imminent harm because he saw a police car on the street after a recent job interview is entirely speculative. See Motion at 1; Amended Complaint at 16-17. Additionally, Plaintiff fails to explain why providing Defendants with notice of this lawsuit will lead to his arrest. As such, the Court remains convinced that a temporary restraining order without notice to Defendants is not warranted in this case. See Order at 10-11. To the extent Plaintiff intends to seek pre-trial injunctive relief, he must file a motion for preliminary injunction, which complies with all applicable

4

Rules, and serve it on Defendants.[2] Any further requests for issuance of a temporary restraining order will be summarily denied. Accordingly, it is

**ORDERED**:

Plaintiff's Motion to Reconsider Temporary Restraining Order Without Notice (Doc. 14) and Motion for Temporary Restraining Order (Doc. 11) are **DENIED.**

**DONE AND ORDERED** in Jacksonville, Florida, this 7th day of February, 2022.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[2] To the extent Plaintiff argues that he lacks resources to accomplish service on Defendants, this does not justify depriving Defendants of notice and an opportunity to be heard. See Rule 65(b)(1)(A) (requiring specific facts of immediate and irreparable harm). Indeed, if Plaintiff is granted leave to proceed in forma pauperis, as he requests, the Court will direct the U.S. Marshal to complete service of process at no cost to Plaintiff.

5