# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JAMES B. CROSBY,

    Plaintiff,

vs.                                    Case No. 3:22-cv-67-MMH-LLL

STATE OF FLORIDA, et al.,

    Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion Requesting a Stay and/or Extension of Time in These Proceedings and A Notice of Intent to File a Traverse and Demur of City of Jacksonville's Legally Insufficient Motion to Dismiss and An Emergency Motion Requesting An Injunction and An Emergency Motion Requesting the Appointment of Counsel and Demand for Discovery and Demand to Convene the Grand Jury (Doc. 65; Motion), filed on April 28, 2022. Upon review, the Court finds that the Motion is due to be denied for failure to comply with the Local Rules of this Court.

As an initial matter, Plaintiff fails to certify that he has conferred with the opposing parties regarding the Motion as required under Local Rule 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)).

Specifically, Local Rule 3.01(g) requires that motions include a certificate, (1) confirming that the movant has conferred with opposing counsel, (2) indicating whether the parties agree on the resolution of the motion, and (3) if the motion is opposed, explaining the means by which the conference occurred. See Local Rule 3.01(g). In addition, the Motion does not include a "legal memorandum supporting the request," as required by Local Rule 3.01(a). As such, the Court cannot discern what legal basis Plaintiff relies on to support the requested relief. While pro se litigants are entitled to some leniency, the Court cannot act as an advocate on Plaintiff's behalf and will not conduct his legal research for him. See GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) ("Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party . . . ." (internal citations omitted) overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In an Order entered January 21, 2022, the Court explained to Plaintiff that pro se litigants are "still required to 'conform to procedural rules.'" See Order (Doc. 6) at 2 (quoting Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007)). In that same Order, the Court informed Plaintiff that "[a]ll filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules" of this Court. See

id. at 2 n.1. As such, the Court concludes that the Motion is due to be denied for failure to comply with the Local Rules. Accordingly, it is

**ORDERED:**

Plaintiff's Emergency Motion Requesting a Stay and/or Extension of Time in These Proceedings and A Notice of Intent to File a Traverse and Demur of City of Jacksonville's Legally Insufficient Motion to Dismiss and An Emergency Motion Requesting An Injunction and An Emergency Motion Requesting the Appointment of Counsel and Demand for Discovery and Demand to Convene the Grand Jury (Doc. 65) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of April, 2022.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties