United States District Court
Middle District of Florida
Jacksonville Division

JAMES B. CROSBY,

    Plaintiff,

v.                                                                                          NO. 3:22-cv-67-MMH-LLL

STATE OF FLORIDA, ET AL.

    Defendants.
_____

### Report and Recommendation

Before the Court is plaintiff's Motion for Leave to Proceed in Forma Pauperis, doc. 95, construed as a motion for leave to proceed in forma pauperis pursuant to Rule 24(a)(1) of the Federal Rules of Appellate Procedure. *See* order, doc 99. The motion was referred to me for a report and recommendation. After review, I respectfully recommend that the motion be denied without prejudice.

### Background

Plaintiff filed his initial complaint, doc. 1, in January 2022. Plaintiff then filed an amended complaint, doc. 9, followed by a second amended complaint, doc. 12. Plaintiff filed a third amended complaint with leave of court, doc. 23. *See* order, doc. 22.

On the same date as his initial complaint, plaintiff filed a Motion for Leave to Proceed In Forma Pauperis, doc. 3. Plaintiff also filed an Affidavit of Indigency, doc.

16; the Court collectively construed both documents as a motion to proceed in forma pauperis. Order, doc. 22 at 1. However, plaintiff then paid the appropriate filing fee, and the Court denied his motion to proceed in forma pauperis as moot. *Id*.

Plaintiff now seeks to proceed in forma pauperis on appeal. In his motion, plaintiff requests to proceed in forma pauperis "so that he may obtain copies of the hearing transcripts" from a hearing held on May 11, 2022. Doc. 95 at 1. Plaintiff claims the transcript is "necessary for his Jurisdictional Statement to the U.S. Supreme Court . . . ." *Id*. Plaintiff asks the Court to "waive the filing fees for his appeals." *Id*.

As noted above, the Court construed plaintiff's motion, doc. 95, as a motion for leave to proceed in forma pauperis pursuant to Rule 24 of the Federal Rules of Appellate Procedure. In its order taking plaintiff's motion under advisement, the Court found plaintiff had not complied with the requirements of Rule 24(a)(1), specifically, he failed to: 1) attach an affidavit showing his inability to pay; 2) articulate specifically which Order or ruling he intends to appeal; and 3) state the specific issues he intends to present on appeal. Doc. 99 at 1-2. The Court directed plaintiff to supplement his motion, indicating specifically what he intends to appeal and the issues he intends to present on appeal. *Id*. at 3. Plaintiff then filed an "Affidavit to Support Motion for Leave to Proceed In Forma Pauperis," doc. 100. After review of plaintiff's motion, doc. 95, as supplemented by his affidavit, doc. 100, I recommend that plaintiff's motion to proceed in forma pauperis on appeal be denied.

## Authority

A court may authorize a plaintiff to proceed on appeal without prepayment of fees if he demonstrates that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id*. at § 1915(a)(3). Further, "the court shall dismiss the case at any time if the court determines that . . . [the] appeal is frivolous or malicious . . . ." *Id*. at § 1915(e)(2)(B)(i). Rule 24(a)(1), Federal Rules of Appellate Procedure, states:

> (1) *Motion in the District Court*. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C). "Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay . . . and (2) the appeal must be brought in good faith." *U.S. v. Collins*, No. 8:97-CR-344-T-27TBM, 2013 WL 6799942, at *2 (M.D. Fla. Dec. 23, 2013).

## Discussion

In his motion, doc. 95, plaintiff does not specify which Order or ruling he intends to appeal, nor does he state the issues he intends to present on appeal, as required by Rule 24(a)(1). After being directed to do so, plaintiff states in his

3

supplemental briefing, doc. 100, that he intends to "partially comply" with the Court's order, doc. 99. Doc. 100 at 1. Plaintiff states he is only partially complying because he believes the Eleventh Circuit "is part of his claims pertaining to judicial corruption under a racketeering scheme." *Id*. While plaintiff included information regarding his ability to pay the fee, he states that the "issues on appeal" are: a decision to deny a preliminary injunction; a decision quash all subpoenas; a decision to refuse jurisdiction of a relief from judgment; and a decision to refuse jurisdiction of a RICO act conspiracy. *Id*. at 2. Plaintiff does not provide any more detailed information.[1]

Because plaintiff has failed to explain the issues he intends to raise on appeal after being directed to do so by the Court and as required by Rule 24(a)(1), I find that his motion to proceed in forma pauperis on appeal, doc. 95, is not brought in good faith and should be denied. *See Bunyan v. Remick*, No. 8:18-cv-1519-T-36, 2019 WL 13060875, at *2 (M. D. Fla. Nov. 6, 2019) (explaining that a plaintiff's failure to indicate the issues he or she intends to present on appeal "runs aground of Rule 24."); *Anderson v. U.S.*, No. 17-21579-CIV-WILLIAMS, 2018 WL 8806482, at *1 (S.D. Fla. Dec. 11, 2018) (finding no basis on which to determine if plaintiff's appeal was taken in good faith when plaintiff failed to identify issues to be raised on appeal; denying motion to proceed in forma pauperis on appeal).

---

[1] Although plaintiff does not specify, it appears that he intends to appeal some of the orders issued by the Court after a hearing held on May 11, 2022, *see* doc. 74. It is not clear, however, what order or ruling plaintiff refers to when he represents that he plans to appeal the decisions to "refuse jurisdiction of a relief from judgment" and "to refuse jurisdiction of a RICO Act conspiracy." Doc. 100 at 2.

4

## Recommendation[2]

I respectfully recommend:

1. **Plaintiff's Motion for Leave to Proceed in Forma Pauperis**, doc. 95, construed as a motion to proceed in forma pauperis on appeal, be **denied**; and

2. the **Clerk** be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24. *See* Fed. R. App. P. 24(a)(4).

**Entered** in Jacksonville, Florida, on August 9, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Honorable Marcia Morales Howard, United States District Judge
Elizabeth Ann Teegen, Esquire
HeatherAnn Marie Solanka, Esquire
Craig D. Feiser, Esquire
Jon Robert Phillips, Esquire
James B. Crosby, pro se
    2570 Eiffel Cir. E.
    Jacksonville, Florida 32210

---

[2] A party may file written objections to a report and recommendation within 14 days after being served with a copy of the document. Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.