UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES B. CROSBY,

        Plaintiff,

Case No. 3:22-cv-67-MMH-LLL

vs.

STATE OF FLORIDA, et al.,

        Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on various motions filed by pro se Plaintiff James Crosby. See Request for Certification of Constitutional Challenges (Doc. 76; Request); Emergency Demand for Recusal [etc.] (Doc. 77; Motion to Recuse); Notice of Intent to Proceed as a Class Representative and Request/Demand to Certify as a Class Action and Request/Demand for Class Counsel (Doc. 79; Class Motion); Demand for Relief from Judgment (Doc. 80; Demand for Relief); Motion to Clarify Demand for Class Action (Doc. 84; Motion to Clarify); Affidavit for Disqualification and Demand for Three-Judge Court and Demand for Preliminary Injunction (Doc. 106; Second Motion to Recuse); Emergency Demand for Ex Parte Hearing on Preliminary Injunction Before a Three-Judge District Court and Leave Requesting Discovery for Class Action (Doc. 110; Demand for Three-Judge Court). Defendant City of Jacksonville

filed responses to these various motions and moves to strike several of them. See Defendant City of Jacksonville's Motion to Strike and Response in Opposition to Plaintiff's Filings (Docs. 76, 77, 79, 80) and Supporting Memorandum of Law (Doc. 81; City's Motion to Strike); Defendant City of Jacksonville's Response in Opposition to Plaintiff's [Second Motion to Recuse] (Doc. 108); Defendant City of Jacksonville's Response in Opposition to Plaintiff's [Demand for Three-Judge Court] (Doc. 111). Crosby moves to strike the City's Motion to Strike. See Plaintiff's Motion in Opposition and Motion to Strike (Doc. 91; Crosby's Motion to Strike).[1] The City filed a response to Crosby's Motion to Strike on June 14, 2022. See Defendant City of Jacksonville's Response in Opposition to [Crosby's Motion to Strike] (Doc. 98). For the reasons that follow, the above pending motions are all due to be denied.

### A. Motion to Recuse, Second Motion to Recuse, & Demand for Three-Judge Court

Pursuant to 28 U.S.C. § 455(a), a district judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned."

---

[1] Crosby also filed replies in support of his Second Motion to Recuse and Demand for Three-Judge Court. See Plaintiff's Reply to City of Jacksonville's Response (Doc. 109; Reply); Plaintiff's Reply to City of Jacksonville's Response Concerning Ex Parte Hearing Request (Doc. 112). As Crosby did not obtain leave of Court to file these replies, they are due to be stricken as unauthorized pursuant to Local Rule 3.01(d). See Local Rule 3.01(d), United States District Court, Middle District of Florida (Local Rule(s)) ("Without leave, no party may file a reply directed to a response except a response to a motion for summary judgment."). Notably, consideration of the arguments raised in the unauthorized replies would not affect the resolution of the motions.

28 U.S.C. § 455(a). The standard applied under § 455(a) is "'whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality.'" See Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1329 (11th Cir. 2002) (quoting Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000)). As a general rule, "'bias sufficient to disqualify a judge must stem from extrajudicial sources.'" Id. (quoting Hamm v. Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983)). "The exception to this rule is 'when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party.'" Id. (quoting Hamm, 708 F.2d at 651).

Similarly, to warrant recusal under § 144, "the moving party must allege facts that would convince a reasonable person that bias actually exists." See Christo, 223 F.3d at 1333; see also Stringer v. Doe, 503 F. App'x 888, 890 (11th Cir. 2013). Notably, the statute requires a movant to provide a "sufficient affidavit" which "shall state the facts and the reasons for the belief that bias or prejudice exists . . . ." See 28 U.S.C. § 144. To be legally sufficient, the affidavit must contain: (1) facts that are "material and stated with particularity," (2) facts that if true, "would convince a reasonable person that a bias exists," and (3) facts that "show the bias is personal, as opposed to judicial,

in nature."  See United States v. Serrano, 607 F.2d 1145, 1150 (5th Cir. 1979);[2] see also United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) ("[T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.").  In addition, the affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith."  28 U.S.C. § 144.[3]

Upon review of the Motion to Recuse, Second Motion to Recuse, and Demand for Three-Judge Court, it appears that these requests are based on Crosby's disagreement with the undersigned's rulings in this case.  See Motion to Recuse at 2; Second Motion to Recuse at 2; Demand for Three-Judge Court at 2.  The undersigned has fully reviewed and considered the Motions and finds that there is no reason for the undersigned to recuse herself in this case.[4]  See Byrne v. Nezhat, M.D., 261 F.3d 1075, 1102-03 (11th Cir. 2001) abrogated on

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] Notably, some courts have found that § 144 is not available to pro se litigants as an avenue for recusal because they are unable to submit a certificate from "counsel of record." See, e.g., Williams v. N.Y.C. Hous. Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003); see also Morrison v. United States, 432 F.2d 1227, 1229 (5th Cir. 1970) (declining to consider whether an affidavit without a certificate of good faith would have been sufficient if the movant had proceeded without counsel).  Regardless, Crosby's motions are due to be denied because he fails to establish an adequate factual basis for his claims of bias.

[4] To the extent Crosby asserts in these Motions and throughout his filings that he is entitled to a "three-judge district court" under 28 U.S.C. § 2284, this request is due to be denied as patently frivolous.

other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008); McWhorter v. City of Birmingham, 906 F.2d 674, 678-79 (11th Cir. 1990). Plaintiff has identified no legitimate or factual basis for his unsupported claims of prejudice or corruption, and his displeasure with the Court's rulings provide no basis for recusal. See Stringer, 503 F. App'x at 890 ("Judicial rulings standing alone rarely constitute a valid basis for a bias or partiality motion.").

In addition, courts have consistently held that a judge is not required to recuse "'merely because a litigant sues or threatens to sue [her].'" See In re Bush, 232 F. App'x 852, 854 (11th Cir. 2007) (quoting United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977)); see also Woodruff v. McLane, No. 7:04-cv-96 (HL), 2006 WL 3436045, at *1 (M.D. Ga. Nov. 29, 2006).[5]  Indeed, "a per se rule of disqualification under such circumstance 'would allow litigants to judge shop by filing a suit against the presiding judge.'" Id. (quoting In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005)). Likewise, "[t]he mere filing of a complaint of judicial misconduct is not grounds for recusal." See In re Evergreen Sec., Ltd., 570 F.3d 1257, 1265, 1266 (11th Cir. 2009); see also Woodruff, 2006 WL 3436045, at *1. As such, the undersigned is obligated to

---

[5] Although Crosby asserts that the undersigned is "now a Defendant in this action," see Second Motion to Recuse at 1, the undersigned is not named in the operative pleading and is thus not a Defendant in this case.  See Verified Complaint and Demand for Jury Trial (Doc. 23; Third Amended Complaint), filed March 28, 2022.  Crosby's notice to the Court attempting to add the undersigned as a defendant to this action is procedurally improper and without effect.  See Notice to Marcia Morales Howard and Service of Process [etc.] (Doc. 103), filed August 15, 2022.

continue to preside over this matter.  See United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not recuse [her]self on unsupported, irrational, or highly tenuous speculation."); Lawal v. Winners Int'l Rests. Co. Operations, Inc., No. 1:04-CV-0913-WSD, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) ("'A trial judge has as much obligation not to recuse [her]self when there is no reason to do so as [s]he does to recuse [her]self when the converse is true.'"); United States v. Malmsberry, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require.").

### B. Class Motion

In the Class Motion, Crosby "demands this action be certified as a class action and appoint counsel pursuant to FRCP 23(g) . . . ."  See Class Motion at 5.  This request is due to be denied as the operative complaint in this action does not demand class-wide relief or include allegations addressing the prerequisites for class certification as required by Rule 23, Federal Rules of Civil Procedure (Rule(s)).  See Verified Complaint and Demand for Jury Trial (Doc. 23; Third Amended Complaint), filed March 28, 2022.  Moreover, even if Crosby had raised class action claims in his Third Amended Complaint, such claims would be subject to dismissal because, as a pro se litigant, Crosby may not represent the interest of others.  See Timson v. Sampson, 518 F.3d 870, 873

(11th Cir. 2008) (explaining that the general provision permitting parties to proceed pro se, 28 U.S.C. § 1654, provides "a personal right that does not extend to the representation of the interests of others"); Bass v. Benton, 408 F. App'x 298, 298-99 (11th Cir. 2011); see also Fairfax v. Wood, No. 4:16cv526-MW/CAS, 2016 WL 6542873, at *1 (N.D. Fla. Sept. 27, 2016) ) ("It is well established that a pro se plaintiff 'cannot be an adequate class representative.'" (collecting cases)) adopted by 2016 WL 6542850, at *1 (N.D. Fla. Nov. 2, 2016). Accordingly, the Court will deny the Class Motion and deny as moot Crosby's Motion to Clarify the Class Motion.

### C. Request for Certification

Crosby asks the Court to certify to the Attorney General of the United States that this is an action challenging the constitutionality of a federal statute. See Request at 1. Crosby identifies 34 U.S.C. § 21101-21131 as the challenged statutes. Id. However, upon review of the Third Amended Complaint, Crosby does not assert any claims challenging the constitutionality of these or any other federal statutes. As such, the Court will deny the request without prejudice at this time. Nevertheless, the Court is cognizant of its obligations under 28 U.S.C. § 2403 and Rule 5.1(b) and will revisit the issue if,

as the case progresses, the Court determines that a federal statute is called into question by the arguments raised in the case.[6]

### D. Demand for Relief

In the Demand for Relief, Crosby cites Rule 60 and "demands relief from judgment that was illegally issued . . . ." See Demand for Relief at 2. However, the Court has not issued any judgment in this case. To the extent Crosby's Demand for Relief is a request for reconsideration of the Court's prior rulings in this case, the Court will deny that request as Crosby has not made any showing that reconsideration is warranted. See Scelta v. Delicatessen Support Servs., Inc., 89 F. Supp. 2d 1311, 1320 (M.D. Fla. Mar. 9, 2000) (" Reconsideration of a previous order is an extraordinary measure and should be applied sparingly in the interests of finality and conservation of scarce judicial resources."). Indeed, "mere disagreement" with the Court's prior rulings "is not a proper basis for reconsideration." See Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP, No. 6:19-cv-1908-WWB-EJK, 2022 WL 999869, at *1 (M.D. Fla. Feb. 11, 2022). To the extent Crosby's Demand for Relief is directed at judgments entered in other cases, the Demand is due to be denied for the reasons discussed at the May 11, 2022 Hearing.

---

[6] Nothing prevents Crosby from submitting such notice to the Attorney General himself if he believes it to be warranted. See Rule 5.1(a).

### E. Motions to Strike

In the City's Motion to Strike, the City moves to strike Crosby's First Motion to Recuse, Class Motion, Request, and Demand for Relief. However, having determined that those Motions are all due to be denied, the Court does not find it necessary to strike these filings at this time. As such, the Court will deny the City's Motion to Strike. Likewise, the Court will also deny Crosby's Motion to Strike. Indeed, the Court discourages the parties from filing motions to strike whenever counsel and/or a party believes that the other is not complying with this Court's directives. Instead, the parties should focus on the merits of the matters before the Court. Reflexively filing motions to strike simply multiplies the proceedings and delays the resolution of any pending motion and ultimately the case.

The Court notes that Defendant City of Jacksonville's Motion to Dismiss Third Amended Complaint with Prejudice and Supporting Memorandum of Law (Doc. 53) remains pending before the Court, and the undersigned will take up this Motion to Dismiss in due course. In the interim, the Court does not anticipate the need for any additional motions. However, if Crosby believes it necessary to file a motion, then he must comply with the conferral requirement of Local Rule 3.01(g) before filing any such motion. See Minute Entry (Doc. 74). Going forward, any motions that do not contain a proper certificate of conferral under Local Rule 3.01(g) will be summarily denied.

In light of the foregoing, it is

**ORDERED:**

1) Plaintiff's Request for Certification of Constitutional Challenges (Doc. 76) is **DENIED without prejudice.**

2) Plaintiff's Emergency Demand for Recusal [etc.] (Doc. 77); Notice of Intent to Proceed as a Class Representative and Request/Demand to Certify as a Class Action and Request/Demand for Class Counsel (Doc. 79); Demand for Relief from Judgment (Doc. 80); Affidavit for Disqualification and Demand for Three-Judge District Court and Demand for Preliminary Injunction (Doc. 106); and Emergency Demand for Ex Parte Hearing on Preliminary Injunction Before a Three-Judge District Court and Leave Requesting Discovery for Class Action (Doc. 110) are **DENIED**.

3) Plaintiff's Motion to Clarify Demand for Class Action (Doc. 84) is **DENIED as moot**.

4) Defendant City of Jacksonville's Motion to Strike and Response in Opposition to Plaintiff's Filings (Docs. 76, 77, 79, 80) and Supporting Memorandum of Law (Doc. 81) is **DENIED**.

5) Plaintiff's Motion in Opposition and Motion to Strike (Doc. 91) is **DENIED**.

6) Plaintiff's Reply to City of Jacksonville's Response (Doc. 109) and Plaintiff's Reply to City of Jacksonville's Response Concerning Ex Parte Hearing Request (Doc. 112) are **STRICKEN**.

7) Future motions that do not contain a proper certificate of conferral under Local Rule 3.01(g) will be summarily denied.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of December, 2022.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties