UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES B. CROSBY,

    Plaintiff,

vs.

                        Case No. 3:22-cv-67-MMH-LLL

STATE OF FLORIDA, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 101; Report), entered by the Honorable Laura Lothman Lambert, United States Magistrate Judge, on August 9, 2022. In the Report, the Magistrate Judge recommends that Plaintiff's Motion for Leave to Proceed <u>In Forma Pauperus</u> [sic] (Doc. 95; Motion), construed as a motion for leave to proceed in forma pauperis pursuant to Rule 24(a)(1) of the Federal Rules of Appellate Procedure, be denied without prejudice. <u>See</u> Report at 5. In response to the Report, Plaintiff James Crosby, who is proceeding pro se, filed an Emergency Motion to Strike and Objections to Report and Recommendation [etc.] (Doc. 102; Objections) on August 15, 2022.[1]

---

[1] To the extent Crosby requests that the Court strike the Report, this request is without any legal basis and due to be denied. With respect to Crosby's "demand" for the


## I. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[2] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become

---

recusal or disqualification of the Magistrate Judge and that she be added as a defendant to this action, the Court declines to consider these "demands" in their current posture. To request such relief, Crosby must file appropriate motions, supported by a memorandum of law, as required by the Local Rules of this Court. See Local Rule 3.01(a). Notably, Crosby identifies no basis for his request to recuse the Magistrate Judge other than his disagreement with her rulings in this case, which is not an appropriate basis for recusal. See McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion.").

[2] The Magistrate Judge properly informed Crosby of the time period for objecting and the consequences of failing to do so. See Report at 5 n.2.

11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

## II.   Discussion[3]

On May 31, 2022, Crosby filed four "Notices of Appeal to U.S. Supreme Court" in which he states his intent to appeal to the United States Supreme Court what he describes as various rulings this Court made at a May 11, 2022 Status Conference.  <u>See</u> Notices (Docs. 86-89); <u>see</u> Minute Entry (Doc. 74).  In the instant Motion, Crosby seeks leave to proceed in forma pauperis for purposes of his appeal.  At the direction of the Magistrate Judge, Crosby filed a supplement to his Motion on July 7, 2022.  <u>See</u> Affidavit to Support Motion for Leave to Proceed <u>In Forma Pauperis</u> (Doc. 100; Supplement), filed July 7, 2022; <u>see</u> <u>also</u> Order (Doc. 99), entered June 29, 2022.  After reviewing the Motion and Supplement, the Magistrate Judge finds that Crosby's appeal is not brought in good faith because Crosby "failed to explain the issues he intends to raise on appeal . . . ."  <u>See</u> Report at 4.  As such, Judge Lambert recommends that Crosby's Motion be denied.  <u>See</u> Report at 4.  In his Objections, Crosby asserts that he "could not provide any more detailed information about what he was appealing" because he lacks the funds to obtain the transcripts from the

---

[3] Crosby does not object to the Magistrate Judge's recitation of the applicable law.

May 11, 2022 Hearing (Doc. 74) at which the Court issued its rulings.  See Objections at 2.

Upon review of the relevant filings, the Court notes that Crosby has consistently maintained that it is his intention to appeal this Court's orders directly to the United States Supreme Court.  See, e.g., Notices; Objections ("Plaintiff plainly stated that he IS appealing to the U.S. Supreme Court and NOT the Eleventh Circuit.").  Crosby has repeatedly and strenuously insisted that he does not seek an appeal before the Eleventh Circuit Court of Appeals.  See generally Notices; Motion; Supplement; Motion to Strike.  However, Crosby lacks any good faith basis to appeal the interlocutory rulings issued in this case directly to the Supreme Court.  See 28 U.S.C. § 1292(a)(1); 28 U.S.C. § 1253.  As such, in addition to the reasons stated by the Magistrate Judge, the Court finds that the Motion is due to be denied on this basis as well.  See 28 U.S.C. § 1915(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  Accordingly, it is

**ORDERED:**

1. Plaintiff's Emergency Motion to Strike and Objections to Report and Recommendation [etc.] (Doc. 102) is **DENIED** to the extent he moves to strike, and **OVERRULED** to the extent he objects to the Report and Recommendation.

2. The Report and Recommendation (Doc. 101), as supplemented in this Order, is **ADOPTED** as the opinion of the Court.

3. Plaintiff's Motion for Leave to Proceed <u>In Forma Pauperus</u> [sic] (Doc. 95) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of December, 2022.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties